## Snoddy vs. Maupin.

Error to the Madison Circuit; GEORGE SHANNON, Judge.

*Judgments. Nul teil record.. Variance. Practice. Costs.*

Judge OwsLEY delivered the Opinion of the Court.

SNODDY brought an action against Maupin and Smith, in the circuit court, and recovered judgment therein, against them, for three hundred and fifty dollars debt, twenty-six dollars and twenty-five cents damages, together with his cost expended in the prosecution of his action. An appeal was prayed by Maupin and Smith, from the judgment, and by the decision of this court the judgment was affirmed, with damages and cost. On the return of the cause to the circuit court, the opinion of this court was entered as the judgment of that, and judgment there entered against Maupin and Smith, in favor of Snoddy, for the cost which had accrued since the first judgment of that court.

Snoddy afterwards brought an action of debt against Maupin and Smith, upon the judgment first recovered by him in the circuit court.

The amount of the debt demanded by him in his declaration is three hundred and eighty-seven dollars and fifty-four cents, of which sum three hundred and fifty dollars is alleged in the declaration to be for debt, twenty-six dollars and twenty-five cents for damages, and the residue for costs adjudged to him by the determination of the court in the judgment sued on.

The writ which issued against Maupin and Smith was executed on the former, and as to the latter, returned by the sheriff no inhabitant, and an abatement of the action was thereupon entered as to Smith.

Maupin then moved the court to dismiss the cause as to him, because it was abated as to Smith, but his motion was overruled. Maupin then pleaded several pleas, one of which is *nul teil record*, upon which issue was taken by Snoddy, and a trial thereupon had by the court, and judgment rendered against Snoddy in bar of his action.

---

DEBT..

Case 7.

April 18.

Original judgment, appeal to this court, judgment affirmed, and mandate entered below, and costs.

Debt on the judgment first recovered.

Count.

Abatement as to Smith by Sheriff's return.

Judgment on plea of *nul teil record* for defendant.

SNODDY
vs.
MAUPIN.

After the affirmance here of a judgment of the circuit court, and entry of it below, and judgment for costs, plaintiff may maintain debt on the original judgment.

From that judgment Snoddy appealed.

The judgment cannot, we think, be sustained. After the judgment first recovered by Snoddy against Maupin and Smith, was affirmed by this court, there was undoubtedly nothing to prevent Snoddy from maintaining an action against them for the amount of the judgment, and it was perfectly correct for him, as he has done in this action, to declare on the judgment first rendered by the circuit court, though the opinion of this court, affirming that judgment, was afterwards made the judgment of that court. In declaring, the judgment ought, it is true, to be described with the requisite certainty and precision, and the only question worthy of notice, involves the enquiry, whether or not there exists a fatal variation between the judgment described in the declaration and that contained in the record, which was produced by Snoddy on the trial of the issue.

Error of the Clerk in the taxation of the costs in such action is not available on the trial of the plea of *nul teil record.*

If there be a variance of any sort, it exists between the amount of the cost alleged in the declaration to have been recovered by the judgment, and that contained in the record given in evidence. In other respects there is a perfect correspondence between the judgment alleged and that proved, in every particular; and as to the cost, the amount taxed by the clerk and certified by him, with the copy of the record used in evidence, agrees precisely with the amount of cost alleged in the declaration to have been adjudged to Snoddy in the judgment. But it was contended in argument, that in taxing the cost the clerk has committed an error to the prejudice of Maupin and Smith, by charging them with greater sums than are allowed by law for like services, and hence it was insisted that the record used in evidence, went not to prove a judgment for the amount of cost alleged in the declaration, and that in consequence of the variance in respect to the amount of cost, between the judgment alleged in the declaration and that proved by the record, the court was correct in deciding the issue against Snoddy. Whether or not, in taxing the cost, such an error has been committed by the clerk, we shall not stop to enquire,

because, if there be such an error, it forms no suffi- SNODDY
cient reason for deciding the issue against Snoddy. vs.
The taxation of cost, is, by law, confided to the MAUPIN.
clerk, and to allow an error in the taxation, to de-
feat an action predicated upon its correctness, would
be highly unjust and absurd.

The amount to be recovered may be less than the    Such error
sum demanded in the declaration, and it would tend  may be shewn
more to the ends of substantial justice, to allow the  in diminution
error of the clerk, if any there be, to be used as a  to be recover-
defence, in reducing the amount claimed in the dec-  ed in the ac-
laration.                                             tion.

The judgment must be reversed, with cost, the
cause remanded to the court below, and further pro-
ceedings there had, not inconsistent with this opin-
ion.

*Caperton*, for plaintiff; *Turner*, for defendant.